United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROLANDO DOPICO PEREIRA,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05007-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 7

Petitioner Rolando Dopico Pereira is an immigration detainee proceeding with a petition for writ of habeas corpus arguing that his detention has become unconstitutionally prolonged. *See* ECF No. 7 at 5. As Respondents candidly concede in opposing the petition, "[t]his case in in the category of immigration habeas cases for which the Court has typically ordered release on an order of supervision." ECF No. 9 at 1. The Court agrees and GRANTS the petition.

## I. BACKGROUND

Petitioner was ordered removed to Cuba in 2015, but was released from U.S. Immigration and Customs Enforcement ("ICE") custody on an order of supervision ("OSUP") after the Government was unable to remove him. *See* ECF No. 1 at 3. Since his release on OSUP, Petitioner has lived freely in the United States, and has complied with his yearly ICE reporting requirements. *Id*. He has lawfully worked as a truck driver, paid taxes, and has kept a clean criminal record. *Id*. His entire immediate family also lives in the United States, including his mother, father, wife, daughter, and six siblings. *Id*.

Petitioner was detained by ICE on January 7, 2026 at his annual OSUP check-in, purportedly to execute his final order of removal. *Id*. at 3–4. Based on the record before the

Court, however, it appears the Government has made no attempt to remove Petitioner to Cuba—i.e., the country designated in his removal order. Rather, the Government is attempting to remove Petitioner to Mexico, which appears to require Petitioner's agreement. ECF No. 9 at 1. Petitioner has refused to provide this consent. *Id.* at 2; ECF No. 10 at 3. As a result, the Government argues that they may continue to detain Petitioner under 8 U.S.C. § 1231(a). ECF No. 9 at 2.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Section 1231(a)(6) authorizes detention beyond the typical 90-day removal period during which an individual must be mandatorily detained. 8 U.S.C. § 1231(a)(6) (explaining that, under certain circumstances, an alien "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)"). However, § 1231(a)(6) allows detention beyond this 90-day window only for "a period *reasonably necessary* to bring about that [noncitizen]'s removal from the United States." *Zadvydas*, 533 U.S. at 699. "The presumptive ceiling for this detention is six months, after which, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" *Arias Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380, at *1 (E.D. Cal. Aug. 4, 2026)

(quoting *Zadvydas*, 533 U.S. at 689).

Petitioner has met his initial burden under this test. His now seven months of detention has surpassed the 6-month presumption in *Zadvydas*. And the fact that he does not consent to his removal to Mexico demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future. "Indeed, district courts have repeatedly found that similarly situated petitioners—Cuban nationals whom the Government is attempting to remove to Mexico against their will—have met their initial burden [under *Zadvydas*], especially because the current standing agreement with Mexico appears to be conditioned on the consent of the noncitizen." *Arias Garcia*, 2026 WL 2254380, at *2 (collecting cases); *see also Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *3 (W.D. Wash. Jan. 21, 2026) (finding removal to Mexico not reasonably foreseeable where "Mexico's acceptance [of him] may be contingent on [his] consent, which [Petitioner] is unwilling to provide.") (internal quotations omitted); *Rodriguez-Fernandez v. Bondi*, No. 2:26-CV-00170-TMC, 2026 WL 445562, at *3–4 (W.D. Wash. Feb. 17, 2026) (same); *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026); *Barbaro Elisie Gaceran-Jimenez v. D. Marin, et al.*, No. 5:26-CV-01973-BFM, 2026 WL 2262177, at *3 (C.D. Cal. Aug. 5, 2026) (noting that "[t]he consensus among the federal courts of this Circuit is that "Mexico refuses to accept citizens of countries other than Mexico who do not consent to removal").

Respondents have offered no evidence to rebut this showing. Rather, they appear to argue that Petitioner's refusal to consent to removal to Mexico has the effect of extending his removal period beyond the authorized 90-day period. ECF No. 9 at 2. This argument has been widely rejected throughout this circuit, and the Court does the same here. *See, e.g.*, *Obando Vargas v. Blanche*, No. 1:26-CV-05343-DAD-AC (HC), 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) ("Respondents' argument appears to be that, because petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely. This argument is frivolous[.]"); *Calviac-Diaz, v. Mullin*, No. 26-CV-3988-RSH-AHG, 2026 WL 2187697, at *2 (S.D. Cal. July 29, 2026) ("Respondents have not provided any legal authority reflecting that a noncitizen's declination to be removed to a third country triggers 8

U.S.C. § 1231(a)(1)(C), or otherwise undermines the noncitizens *Zadvydas* claim). No portion of § 1231(a) authorizes the continued detention of an individual to a third-country where the Government has provided no legal basis for removal to that country. *See Barbaro Elisie Gaceran-Jimenez*, 2026 WL 2262177 (finding that refusal to provide affirmative consent to removal to Mexico "does not constitute noncooperation of a kind that would trigger a suspension of the removal period"). "To adopt the Government's position on the use of detention to strong-arm third-country removals would not only undermine the consent required in those removals but also sanction the use of detention to coerce otherwise unavailable deportations." *Arias Garcias*, 2026 WL 2254380, at *3.

As Respondents have not presented any other arguments to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, Petitioner is entitled to release.

## IV. CONCLUSION AND ORDER

1. Petitioner's Petition for Writ of Habeas Corpus is GRANTED as to count one in the Petition.

2. Respondents are ordered to immediately release Petitioner from their custody under reasonable terms of supervision pursuant to 8 C.F.R. § 241.5.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 30, 2026

Noël Wise
United States District Judge